IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00751-MR

| | |
|---|---|
| **FREDY MAURICIO BURUCA,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **J.P. ANTELO, et al.,** | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff[1] filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Harnett Correctional Institution. [Doc. 1]. The Plaintiff did not pay the filing fee or move to proceed in forma pauperis.

---

[1] The Complaint is signed by Jorge Galeas-Manchu-El, Jr. (A.K.A. Jorge Gevara), another inmate at the Harnett CI, on behalf of the Plaintiff as his "Counsel of Choice." [Doc. 1 at 7]; see North Carolina Department of Adult Corrections ("NCDAC") website, https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0655559&searchOffenderId=0655559&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Jan. 8, 2025). An imprisoned litigant who is unassisted by counsel may not represent his fellow inmates. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975); see also 28 U.S.C. § 1654 (parties "[i]n all of the Courts of the United States ... [t]o plead and conduct their own case personally or *by counsel*....") (emphasis added). **Further, the unauthorized practice of law in the State of North Carolina is a criminal offense. See N.C. Gen. Stat. §§ 84-4, 84-8.**

On August 15, 2024, the Plaintiff was mailed an Order of Instructions that cautioned him that "[i]t is Plaintiff's responsibility to keep the Court advised of his/her current address at all times" and, "[i]f the Plaintiff's address changes and no Notice is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution." [Order of Instructions].

On August 16, 2024, the Clerk entered an Order requiring the Plaintiff to pay the filing fee or to file an application to proceed in forma pauperis within 21 days. [Doc. 2]. The Plaintiff was cautioned that the failure to comply "will result in the dismissal of this action without further notice." [Id. at 2].

On December 2, 2024, the Order of Instructions was returned as undeliverable with a stamp noting that it had been rejected by the prison as "friends and family" mail. [Doc. 3]. On December 4, 2024, the Clerk re-mailed the Order of Instructions, a copy of the docket sheet, and a blank IFP application to the Plaintiff at the Harnett CI with a stamp identifying it as legal mail. [See Dec. 4, 2024 Court-Only Entry]. However, the Clerk noted that the NCDAC website indicates that the Plaintiff's current location is "not public information." See NCDAC website *supra*; Fed. R. Evid. 201.

The Plaintiff's address appears to have changed, and he has not informed the Court of his new address. Further, the Plaintiff has not paid the

filing fee or moved to proceed in forma pauperis, and the time to do so has expired. It appears that the Plaintiff may have abandoned this action and the Court is unable to proceed. Accordingly, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to mail this Order to the Plaintiff at his address of record, and to Jorge Galeas-Manchu-El, Jr. (A.K.A. Jorge Gevara), # 0655559, at the Harnett CI.

**IT IS SO ORDERED.**   Signed: January 13, 2025

Martin Reidinger
Chief United States District Judge

3

Case 3:24-cv-00751-MR    Document 4    Filed 01/13/25    Page 3 of 3